**FRANK A. WEISER**, State Bar No. 89780
Attorney at Law
3470 Wilshire Blvd., Suite 614
Los Angeles, California 90010
Telephone: (213) 384-6964
Facsimile:  (213) 383-7368
E-Mail:     maimons@aol.com

Attorney for Plaintiffs
FRANCIS K.C. FOO,
RUBY L. FOO, MOKE
ESPIRITU LLC, a Delaware
Limited Liability Company

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCIS K.C. FOO; RUBY L FOO; MOKE ESPIRITU LLC, a Delaware Limited Liability Company;<br><br>Plaintiffs,<br><br>v<br><br>ROBERT A. BONTA, in his official capacity as the Attorney General of the State of California; PAULINA ORTEGA; DIANA CORONA; DOES 1-10 INCLUSIVE,<br><br>Defendants. | **Case No.:**<br><br>**COMPLAINT FOR DAMAGES, DECLARATORY AND INJUNCTIVE RELIEF**<br><br>**[42 U.S.C. SECTION 1983 – VIOLATION OF CIVIL RIGHTS]** |

1

Plaintiffs FRANCIS K.C. FOO, RUBY L. FOO, MOKE ESPIRITU LLC, a Delaware Limited Liability Company (collectively "Plaintiffs." or individually "FF," "RF," "MKELLC") hereby file the following Complaint and state and allege as follows:

## JURISDICTION AND VENUE

1. Jurisdiction of the federal court exists under 28 U.S.C. Sections 1331 and 28 U.S.C. Section 1343(a)(3). This action which arises under the United States Constitution and laws of the United States, specifically the Supremacy Clause of the Constitution, art. VI, cl. 2, and the Fifth and Fourteenth Amendments of the United States Constitution and involves violations of federal law actionable under 42 U.S.C. Section 1983, and 28 U.S.C. Section 2201.

## PARTIES

2. Plaintiffs FF and RF, are husband and wife and are the legal owners of MKELLC. a limited liability company duly formed under the laws of the State of Delaware, that owns and operates residential real estate located at 338 Lime Ave., Long Beach, CA 90802 ("Property").

3. Plaintiffs FF and RF are residents of Orange County, CA and MKELLC is authorized and licensed to do business in the State of California.

4. Defendant ROBERT A. BONTA ("RB") is the Attorney General of California. The Attorney General is charged with enforcing California's civil and criminal laws. RB is sued in his official capacity only. The California Attorney General has offices located in Los Angeles, CA.

5. Defendant PAULINA ORTEGA ("PO") was at all times relevant resident of Los Angeles County, CA residing as a tenant at the Property.

2

6. Defendant DIANA CORONA ("DC") was at all times relevant resident of Los Angeles County, CA residing as a tenant at the Property.

7. The true names and capacities, whether individual, corporate, associate or otherwise, herein named as Does 1 through 10, and persons heretofore unknown involved in the actions taken against the plaintiffs is unknown to them at this time. Plaintiffs are informed and believe and based thereon allege that each of the DOE defendants are responsible in some manner for the events herein referred to, and that plaintiffs' injuries and damages as herein alleged were proximately caused by those defendants. Plaintiffs sue said defendants by such fictitious names on the grounds that the true names and capacities of said defendants are unknown to them at this time. Plaintiffs will amend this complaint when the true names and capacities of said Doe defendants are ascertained. Each reference in this complaint to "defendant," defendants," or a specifically named defendant also refers to defendants sued under their fictitious names.

**FACTS COMMON TO ALL CLAIMS**

8. Plaintiffs file this action to enforce their rights under federal law, including the Federal Arbitration Act, 9 U.S.C. Sections 1-16 ("FAA"), to enforce their arbitration agreements with their tenants at the Property, including PO and DC, and to enter into new arbitration agreements with new and prospective tenants at their Property, without the threat of California State law restrictions that prohibits arbitration agreements and arbitration pf disputes in leasing and rental of residential real estate.

9. The FAA "reflects an emphatic federal policy in favor of arbitral dispute resolution." Marmet Health Care Ctr., Inc. v Brown, 565 U.S. 530, 533 (2012) (per curiam) (quoting KPMG LLP v Cocchi, 565 U.S. 18, 21 (2011) (per curiam).

10. Arbitration lowers the cost of dispute resolution, which creates savings that can be passed on to tenants of residential real estate through lower rents and funds availability for maintenance of a property.

11. The California Legislature nonetheless enacted California Civil Code Section 1953, which at subsection (a)(4), states that any provision "of a lease or rental agreement" which modifies or waives a tenant's procedural rights in litigation, is void contrary to public policy.

12. "Inherent in an arbitration agreement is a waiver of any right to a jury trial." Jaramillo v JH Real Estate Partners, Inc., 111 Cal.App.4th 394, 404. Accordingly, California Civil Code Section 1953 (a)(4) "establishes the general rule that a tenant of residential premises cannot validly agree, in a residential lease agreement, to binding arbitration to resolve disputes regarding [their] rights and obligations as a tenant." Jaramillo, 111 Cal.App.4th at 404.

13. When the California Legislature declares conduct to be contrary to public policy, the rights provided are unwaivable. California Civil Code Section 3513; Armendariz v Foundation Health Psychcare Services, Inc., 24 Cal.4th 83, 101. Rights

established for a public purpose cannot be waived under California law through an arbitration agreement before a dispute arises. Armendariz, 24 Cal.4th at 101.

14.    At all times relevant herein, the Plaintiffs had lease agreements with the Defendants PO and DC that contained binding arbitration agreements to resolve any disputes between them arising from the rental of their units at the property to binding arbitration.

15.    In 2023, a dispute arose between Plaintiffs and Defendants PO and DC regarding the habitability of said Defendants units at the Property, and as a result, the said Defendants PO and DC sued the Plaintiffs on their behalf, and as guardians of their minor children, in the Los Angeles Superior Court, alleging breach of the warranty of habitability (implied, statutory, or otherwise), breach of their lease agreements, breach of the covenant of quiet enjoyment, violation of statutory duties (California Civil Code Section 1942.2, et seq., California Health and Safety Code Section 17920.3, et seq., City of Long Beach Ordinance 20-0044, or any other applicable statute or code), nuisance, negligence, infliction of emotional distress, personal injury, property damage, past or future lost income, inconvenience, injunctive relief, costs of suit, indemnity both express and implied, contribution, declaratory relief, and/or attorney's fees and costs, or otherwise related to said Defendants losses or damages stemming from the use or occupancy of any unit associated with the Property. The case is entitled Paulina Ortega, et al. v Moke Espiritu, LLC, et al., LASC Case No. 23STCV23525 ("State Action").

16.    In the State Action, the Plaintiffs could not enforce under California law

their arbitration agreements with the Defendants PO and DC.

17. Section 2 of the FAA states that a "written provision in . . . a contract evidencing a controversy thereafter arising out of such contract or transaction . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 8 U.S.C. Section 2.

18. Section directs that "courts must place arbitration agreements on an equal footing with other contracts, and enforce them according to their terms." AT & T Mobility LLC v Concepcion. 563 U.S. 333, 339 (2011). That provision requires enforcement of arbitration agreements unless they are the product of fraud or "unconscionability" or otherwise are unenforceable as a matter of generally applicable contract law, so long as that state law does not interfere with the purposes and objectives of the FAA. See Doctor's Assocs., Inc. v Casaratto, 517 U.S. 681, 687 (1996).

19. Thus, the Supreme Court has repeatedly held that state laws that single out arbitration agreements for disfavored treatment are preempted, Doctor's Assocs., 517 U.S. at 688; Kindred Nursing Centers Limited Partnership v Clark, 137 S .Ct. 1421 (2017); see also Preston v Ferrer, 552 U.S. 346 (2008); Perry v Thomas, 482 U.S. 483 (1987).

20. The Supreme Court has explained that the FAA preempts both any State rule that "discriminates on its face against arbitration" along with any rule "that covertly accomplishes the same objective by disfavoring contracts that . . . have the defining feature of arbitration agreements." Kindred, 137 S.Ct. at 1426.

21. The Supreme Court has also held that the FAA preempts state law rules that disfavor arbitration in connection with the formation of a contract as well as rules that disfavor the enforcement of arbitration agreements. Kindred, 137 S.Ct. at 1428. Restrictions that single out arbitration agreements or derive their meaning from that fact that an agreement to arbitrate is at issue "flout the FAA's command to place those agreements on equal footing with other contracts" and are therefore preempted. Id.

22. The Ninth Circuit has adhered faithfully to this authority and preempted under the FAA, California Labor Code provisions that disfavor or prohibit the formation of arbitration agreements. See Chamber of Commerce v Bonta, 13 F.4th 766 (9th Cir. 2021).

Based on the above facts, Plaintiffs allege the following claims:

### FIRST CLAIM OF RELIEF

**(Violation of 42 U.S.C. Section 1983 by Plaintiffs
Against All Defendants)**

23. Plaintiffs allege and incorporate herein by reference each and every allegation contained in paragraphs 1-22 above.

24. Under the Supremacy Clause of the Constitution, the "laws of the United States shall be the supreme law of the land, and the judges in every state shall be bound thereby, anything in the Constitution or laws of any State to the Contrary notwithstanding. U.S. Constitution, art. VI, cl. 2. Therefore, any state law that "conflicts with Section 2 of the Federal Arbitration Act . . . violates the Supremacy Clause." Southland Corp. v Keating, 465 U.S. 1, 10 (1984). In addition, any state Laws that "stan[d] as an obstacle to the accomplishment and execution of the full

purposes and objectives of Congress," as expressed in federal law, are preempted and invalid. See <u>Barnett Bank of Marion City, N. A. v Nelson</u>, 517 U.S. 25, 31 (1996).

25.   State law rules that interfere with a fundamental characteristic of arbitration, such as a waiver of the right to trial by jury, conflict with the FAA and are therefore preempted. <u>Concepcion</u>, 563 U.S. at 341-44.

26.   <u>California Civil Code</u> Section 1953 (a)(4) singles out arbitration for disfavored treatment by imposing special restrictions on the formation of arbitration agreements, which do not apply to other contracts and limit the ability of landlords such as Plaintiffs to enter arbitration agreements with their tenants.

27.   <u>California Civil Code</u> Section 1953 (a)(4) thus conflicts with – and also stands as an obstacle to – Congress's objectives in enacting the FAA, and it is therefore preempted.

28.   Under 42 U.S.C. Section 1983, this Court has the power to enforce the rights of Plaintiffs under the FAA and to enter an injunction precluding the Defendants, and each of them from enforcing <u>California Civil Code</u> Section 1953 (a)(4).

29.   Plaintiffs allege that in doing all of the things herein mentioned, the Defendants PO and DC in filing the State Action acted under color of the statutes, regulations, customs and usages of the the State of California for purposes of "state action" and "color of law" under 42 U.S.C.  Section 1983.

30.    Plaintiffs further allege that in doing all of the things herein mentioned,

8

the Defendants PO and DC, and each of them, violated and further threaten to violate the constitutional and civil rights of the Plaintiffs, in particular their individual rights under the Fifth and Fourteenth Amendment of the United States Constitution Takings Clause; and the Fourteenth Amendment of the United States Constitution Due Process Clause, both its substantive and procedural Components, and the Fourteenth Amendment of the United States Constitution Equal Protection Clause.

31. The Defendants PO and DC, and each of them are not entitled to qualified immunity.

32.    As a proximate result of the foregoing actions of the Defendants PO and DC, and each of them and each of them, Plaintiffs have been injured and suffered economic and non-economic damages according to proof at trial but believed to be not less than $1,000,000.00 against the Defendants PO and DC, and each of them. Plaintiffs are also entitled to their reasonable attorney's fees under 42 U.S.C. Section 1988 against all the Defendants.

## SECOND CLAIM OF RELIEF

### (Equitable Relief by Plaintiffs Against Defendant RB)

33.    Plaintiffs allege and incorporate herein by reference each and every allegation contained in paragraphs 1-32 above.

34.    For the reasons stated above, California Civil Code Section 1953 (a)(4) violates the FAA, and thereby deprives Plaintiffs of their enforceable "rights" secured by federal law.

35.   Federal courts of equity have the power to enjoin unlawful actions by state Officials. Such equitable relief has traditionally been available to enforce federal law.

36.   Defendant RB is charged with enforcing California Civil Code Section 1953 (a)(4).

37.   The Court can and should exercise its equitable power to enter an injunction precluding the Defendant RB from enforcing California Civil Code Section 1953 (a)(4).

## SECOND CLAIM OF RELIEF

### (Declaratory Relief by Plaintiffs Against All Defendants)

38.   Plaintiffs allege and incorporate herein by reference each and every allegation contained in paragraphs 1-37 above.

39.   For the reasons stated above, California Civil Code Section 1953 (a)(4) violates the FAA, and thereby deprives Plaintiffs of their enforceable "rights" secured by federal law.

40.   In any "case of actual controversy within [their] jurisdiction," federal courts have the power to "declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. Section 2201.

41.   The Court can and should exercise its equitable power to enter a declaration stating that the FAA preempts California Civil Code Section 1953 (a)(4) as applied to arbitration agreements within the scope of the FAA, and as to Plaintiffs' arbitration

agreements with the Defendants PO and DC, and each of them, or in the alternative, that the text of <u>California Civil Code</u> Section 1953 (a)(4) itself precludes application of the statute to the formation and enforcement of arbitration agreements that are covered by the FAA.

WHEREFORE, Plaintiffs pray judgment against the Defendants, and each of them, as follows:

**FIRST CLAIM FOR RELIEF**

1. For damages according to proof at trial against

the  Defendants PO and DC, and each of them, but

believed to be not less than $1,000,000.00;

2. For appropriate declaratory and injunctive relief against

all the Defendants;

3.  For attorney's fees;

**SECOND CLAIM FOR RELIEF**

4.  For appropriate injunctive relief against the Defendant RB;

**THIRD CLAIM FOR RELIEF**

5.  For appropriate declaratory relief against all the Defendants ;

## FOR ALL CLAIMS FOR RELIEF

6.   For costs of suit;

7.  For such other and further relief as the Court deems proper.

Dated: April 7, 2025              LAW OFFICES OF FRANK A. WEISER


By: /s/ Frank A. Weiser
                                   _____
                                   FRANK A. WEISER, Attorney for
                                   for Plaintiffs FRANCIS K.C. FOO,
                                   RUBY L. FOO, MOKE ESPIRITU
                                   LLC, a Delaware Limited
                                   Liability Company


## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial as to their damages claims
pursuant to F.R.C.P. 38.


Dated: April 7, 2025              LAW OFFICES OF FRANK A. WEISER


By: /s/ Frank A. Weiser
                                   _____
                                   FRANK A. WEISER, Attorney for
                                   for Plaintiffs FRANCIS K.C. FOO,
                                   RUBY L. FOO, MOKE ESPIRITU
                                   LLC, a Delaware Limited
                                   Liability Company